STATE *ex rel.* WEST, *Atty. Gen., et al.* v. JOHNSTONE, *County Treasurer.*

No. 4036.   Opinion Filed September 14, 1915.

(151 Pac. 847.)

**MANDAMUS—Compliance with Writ—Dismissal.** The issue in this case was raised by a response to an alternative writ of mandamus, issued out of this court in the exercise of its original jurisdiction. Afterwards a supplemental response was filed, in which it was shown that respondent had fully and in all things complied with and performed the commands of the writ. **In** this situation there is nothing that requires an opinion or further action in this court, and therefore the cause is dismissed.

(Syllabus by Brewer, C.)

Original action for a writ of mandamus by the State, on the relation of Chas. West, Attorney General, and another, against John Johnstone, Treasurer of Washington County.  Dismissed.

*Chas. West,* Atty. Gen., and *Stuart, Cruce & Gilbert,* for plaintiffs.

*B. B. Foster,* for defendant.

Opinion by BREWER, C. This is an original proceeding in this court by the State of Oklahoma, on relation of Chas. West, Attorney General, and G. L. Warson, against John Johnstone, treasurer of Washington county, to require said Johnstone, by mandamus, to list certain oil property for taxation for the years 1908, 1909, 1910, and 1911. An alternative writ was issued and served, to which respondent filed an answer June 18, 1912, setting up various defenses. On June 19, 1912, a demurrer was filed by the state to the answer and response. Without further action, the defendant, on October 22, 1912, filed an amended return and answer to the alternative writ, in which he represents and shows that, since issuance of the writ and the other proceedings noted, he has proceeded to perform the matters and things required of him under the writ, and has listed said property for taxation in accordance with the prayer of the petition. No further proceedings have been had in the case, and we take it that, the suit and the writ having fully accomplished the purposes for which they were designed, there are now no issues to be determined, and no points to be decided; the entire controversy having become moot.

Therefore the cause should be dismissed.

By the Court: It is so ordered.